## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DOMINGO OLVERA and EGBERTO SABANDO, on behalf of themselves and all other persons similarly situated,** | Civil Action No.: |
| Plaintiffs, | |
| vs. | |
| **POPPIN CAR WASH OF NEW JERSEY, CORP. a/k/a VAN HOUTEN CAR WASH, and DANIEL ALVAREZ, individually** | **COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |
| Defendants. | |

Plaintiffs Domingo Olvera ("Olvera") and Egberto Sabando ("Sabando") (collectively "Plaintiffs") on behalf of themselves and all others similarly situated, by and through the undersigned attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, bring this Collective Action Complaint against Defendants, POPPIN CAR WASH OF NEW JERSEY CORP. a/k/a VAN HOUTEN CAR WASH, and all other affiliated entities and/or joint employers ("corporate Defendant" or "Poppin Car Wash") and DANIEL ALVAREZ, individually ("Individual Defendant" or "Alvarez), (collectively "Defendants") and allege as follows:

### <u>INTRODUCTION</u>

1. Plaintiffs bring this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiffs bring this lawsuit against Defendants as a collective action on behalf of

themselves and all other persons similarly situated – who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Beginning in or about 2010, Defendants engaged in a policy and practice of requiring Plaintiffs and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state law.

4. The Plaintiffs have initiated this action on behalf of themselves and similarly situated individuals to recover the overtime compensation that Plaintiffs and similarly situated individuals were deprived of, as well as liquidated damages and/or treble damages and attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiffs' NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiffs performed non-exempt car washing and detailing and associated duties for the Defendants based from their Passaic County, New Jersey location. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the corporate Defendant was and remains an

enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a car wash. Defendants' purchase goods and materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Plaintiff and those similarly situated persons worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Plaintiffs and those similarly situated persons fall within the protections of the Act.

## PARTIES

**Plaintiffs**

10. Plaintiff Domingo Olvera is an adult individual who is a resident of Passaic, New Jersey.

11. Plaintiff Olvera was employed by Defendants as a laborer, performing car washing and detailing duties in furtherance of Defendants' car wash business, from in or about August 2019, through in or about mid-March, 2022.

12. Plaintiff Egberto Sabando is an adult individual who is a resident of Passaic, New Jersey.

13. Plaintiff Sabando was employed by Defendants as a laborer, performing car washing, detailing, and mechanical duties in furtherance of Defendants' car wash business, from in or about 2010, through in or about September 2021.

**Corporate Defendants**

14. Poppin Car Wash is a New Jersey business entity, with its main business address listed as 443 Van Houten Avenue, Passaic, New Jersey 07055.

15. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor and services on behalf of Defendants.

3

**Individual Defendants**

16. Upon information and belief, the individual Defendant, Daniel Alvarez, is a New Jersey state resident.

17. Upon information and belief, at all times relevant to this Complaint, the individual Defendant was an owner, partner, officer and/or manager of the Defendant Poppin Car Wash.

18. Upon information and belief, at all times relevant to this Complaint, the individual Defendant has had power over personnel decisions at the Defendant Poppin Car Wash's business.

19. The individual Defendant was regularly present at Poppin Car Wash and managed the day to day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

20. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

21. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## **COLLECTIVE ALLEGATIONS**

22. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

23. This action is brought on behalf of Plaintiffs and a putative collective consisting of similarly situated employees who performed work for Defendants.

24. The Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and

NJWHL by failing to pay Plaintiffs and similarly situated employees' overtime wages, at the rate of one and one half times their regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

25. The Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiffs and similarly situated employees' overtime wages, at the rate of one and one half times their regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

26. The claims of the Plaintiffs are typical of the claims of the putative class. The Plaintiffs and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Plaintiffs and putative class members thus have sustained similar injuries as a result of Defendants' actions.

27. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' car wash business

28. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

## FACTS

29. Based upon the information preliminarily available, and subject to discovery, beginning from in or about approximately 2010, and continuing to date, Defendants employed the Plaintiffs and members of the putative class to perform tasks in furtherance of their car wash enterprise.

30. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiffs and similarly situated employees, for all overtime hours worked in a work week.

31. Defendants refused to pay Plaintiffs and similarly situated employees' overtime for the hours that they worked in a work week in excess of forty (40) hours.

32. Plaintiff Olvera was routinely paid straight time for his overtime hours worked.

33. Plaintiff Olvera routinely worked seven (7) days per workweek and from approximately 8 a.m. until approximately 5 p.m. or 6 p.m. each work, excepting when there was inclement weather.

34. Plaintiff Olvera worked approximately sixty (60) to seventy (70) hours per workweek.

35. Plaintiff Olvera rarely, if ever, worked less than forty (40) hours in a workweek.

36. Regardless of the number of hours that Plaintiff Olvera worked each week in excess of forty (40), Defendants generally improperly paid Plaintiff Olvera at his regularly hourly rate of pay versus at one and one half times his hourly rate of pay.

37. Plaintiff Sabando was routinely paid straight time for his overtime hours worked.

38. Plaintiff Sabando routinely worked seven (7) days per workweek and from approximately 8 a.m. until approximately 6 p.m. on Monday through Saturday and from approximately 8 a.m. until approximately 3 p.m. on Sundays, excepting when there was inclement weather.

39. Plaintiff Sabando worked approximately sixty (60) to seventy (70) hours per workweek.

40. Plaintiff Sabando rarely, if ever, worked less than forty (40) hours in a workweek.

41. Regardless of the number of hours that Plaintiff Sabando worked each week in excess of forty (40), Defendants generally improperly paid Plaintiff Sabando at his regularly hourly rate of pay versus at one and one half times his hourly rate of pay.

42. Upon information and belief, employees similarly situated to Plaintiffs were also only compensated straight time for all hours worked, regardless of the fact that also routinely

worked in excess of forty (40) hours in a workweek.

43. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

44. At all times material hereto, Plaintiffs and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

45. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiffs and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiffs and other similarly situated employees compensation to which they were lawfully entitled for their hours worked in excess of forty(40) within a work week.

**COUNT I**
**<u>RECOVERY OF OVERTIME COMPENSATION</u>**
**<u>PURSUANT TO THE FLSA</u>**

46. Plaintiffs re-allege, and incorporates here by reference, all allegations contained above.

47. Plaintiffs are entitled to compensation at one-half their regular rates of pay for their overtime hours worked each work week.

48. All laborers of the Defendants are similarly situated and are also owed their overtime rate for each and every overtime hour they worked and were not properly paid.

49. Defendants knowingly and willfully failed to pay Plaintiff s and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

50. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs and

those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

51. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

52. As a result of Defendants' willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE NJWHL**

53. Plaintiffs re-allege, and incorporates here by reference, all allegations contained in the paragraphs above.

54. Defendants' aforementioned conduct is in violation of the NJWHL, New Jersey Statutes §§ 34:11-56a4 *et seq*., in that the Defendants willfully failed to pay the Plaintiffs and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

55. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

56. As a result of Defendants' violations of the NJWHL, Plaintiffs and similarly situated employees as entitled to liquidated and/or treble damages.

**JURY TRIAL**

57. Plaintiffs and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiffs DOMINGO OLVERA and EGBERTO SABANDO, individually and

on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, liquidated and/or treble damages as permitted under the NJWHL, unpaid wages, attorneys' fees and costs as permitted under the NJWHL.

Dated: August 10, 2022                    Respectfully submitted,

                                          /s/ Andrew Glenn
                                          Andrew Glenn, Esq.
                                          E-mail: aglenn@jaffeglenn.com
                                          Jodi J. Jaffe, Esq.
                                          Email: jjaffe@jaffeglenn.com
                                          300 Carnegie Center, Suite 150
                                          Princeton, New Jersey 08540
                                          Tel: (201) 687-9977
                                          Fax: (201) 595-0308
                                          *Attorneys for Plaintiffs*